UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                      Case No:  2:17-cv-531-FtM-99CM

DANIEL G. JIVIDEN,

      Defendant.

_____

## ORDER

This matter comes before the Court upon review of the United States' Motion for Entry of Clerk's Default (Doc. 11) filed on December 26, 2017. Plaintiff filed a Proof of Service with the present motion. Doc. 11-4 at 4.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

With regard to an individual, the Federal Rules of Civil Procedure allow for personal service upon an individual within a judicial district of the United States. Fed. R. Civ. P. 4(e)(2)(A). The process server may deliver a copy of the summons and complaint to the individual personally, or "at the individual's dwelling or usual place of abode or with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(A),(B). Here, the Proof of Service and the Declaration state that on November 16, 2017, Leelund E. Bowman, a Deputy United States Marshal for the Middle District of Florida, personally served Defendant Daniel G. Jividen by delivering a true copy of the Summons and Complaint, to Jividen at 1216 SE 22nd St., Cape Coral, FL 33990. Doc. 11-4 at 4-7. Service of process therefore was properly effected under Rule 4(e)(2) of the Federal Rules of Civil Procedure.

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, a defendant must serve an answer within 21 days after being served with the summons and complaint. Jividen has failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

The United States' Motion for Entry of Clerk's Default (Doc. 11) is **GRANTED**. The Clerk is directed to enter a Clerk's default against Defendant Daniel G. Jividen.

**DONE** and **ORDERED** in Fort Myers, Florida on this 27th day of December, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record